JOHN MORRISON HUNTER *vs.* ALLEN M. HUNTER and others.

A testator, by his will, devised as follows : " I give, devise and bequeath to my said wife, all my lands, tenements and real estate, to have and to hold the same to her, her heirs and assigns, upon trust to receive the rents, issues and profits thereof, and apply to the use of, or pay to each of my sons and daughters an equal portion thereof during their respective natural lives; and as to my daughters, to pay them, respectively, their portion of the said rents, issues and profits, on their own separate receipt, free from any control, debts or liabilities of their respective husbands, (if any,) and in all cases in like manner, and with like effect as if sole and unmarried, as to such as shall be married at the time of, or after, my decease." *Held* that the trust was not void as unlawfully suspending the power of alienation ; but that both the trust and the devise were valid.

THIS was an action for the partition of real estate, and was submitted to the court upon the complaint, answers, and points of counsel.

*Alfred Roe*, for the plaintiff.

*N. W. Winant* and *Geo. N. Titus*, for the defendants.

SUTHERLAND, J.   This is an action for the partition of certain real estate of which Abraham T. Hunter, late of the city of New York, died seised in fee, leaving him surviving, his widow Adeline M. Hunter, (now the defendant Adeline M. Cooke, wife of the defendant Joseph P. Cooke,) and seven children, to wit, the plaintiff and six of the defendants, his only children and heirs at law.

The theory of the complaint is, that although Abraham T. Hunter left a will, executed in due form of law, by which he undertook to devise, and did in form devise all his real estate to his wife, in and upon certain trusts, &c., yet that such devise was and is null and void, and being void that his seven children on his death took and inherited, as his heirs at law, all his estate in the said real estate, subject to the dower of his widow.   It appearing from the complaint that the widow, after her second marriage, had united with her husband in a conveyance, purporting to convey to the seven children all the estate, right, title, dower and interest, which they or she had,

or might or could have, by or under the will or otherwise, in or to the said real estate, the complaint claims that the seven children of Abraham T. Hunter are now each seised in fee simple, as tenants in common, of one undivided seventh part of the said real estate.

The will of Abraham T. Hunter is set out at large in the complaint; and after a careful examination of that part of it containing the devise in question, I am inclined to think that neither the devise nor the trust thereby declared is void, and as a consequence, that the seven children of Abraham T. Hunter are not now seised in fee, as claimed by the complaint, and have no vested estate in the lands sought to be partitioned, either as the heirs of Abraham T. Hunter, or under the conveyance to them mentioned in the complaint.

By the first clause of the will, the testator gives to his wife absolutely all his personal estate, requesting her to pay therefrom to each of his sons, who shall attain the age of twenty-one years, $4000. Then follows the devise of his real estate, which is in these words: "I give, devise and bequeath to my said wife, all my lands, tenements and real estate, to have and to hold the same, to her, her heirs and assigns, upon trust, to receive the rents, issues and profits thereof, and apply to the use of, or pay to each of my sons and daughters an equal portion thereof, during their respective natural lives; and as to my daughters, to pay them, respectively, their portion of the said rents, issues and profits, on their own separate receipt, free from any control, debts or liabilities of their respective husbands, (if any,) and in all cases in like manner, and with like effect, as if sole and unmarried, as to such as shall be married at the time of, or after, my decease."

As near as I can understand the points submitted on the part of the plaintiff, (in which all the parties appear to unite, except Adeline M. Cooke, as trustee, who, by her answer as trustee, insists that the devise and trusts thereby declared are valid, and denies that the children of Abraham T. Hunter inherited, or are seised of any estate in fee, &c.,) it is insisted

on the part of the plaintiff that the trust, if valid, would suspend the power of the alienation of the fee during the lives of the seven children, and is therefore void; and that the trust being void, the whole devise fails and is void; or if the devise is valid, and the widow by it took an estate in fee, that such estate passed to the seven children of the testator, the *cestuis que trust*, by the conveyance of herself and her present husband.

The material question is, whether the trust is void; for if the trust is allowed by the revised statutes, and valid, she could not, either alone, or with her present husband, in contravention of the trust, convey the trust estate to the *cestuis que trust*, and thus, by merging their beneficial interests under the trust in the legal title or estate, break up the trust, and defeat the will of the testator. (1 *R. S.* 730, §§ 63, 65.) If, therefore, the trust is valid, the conveyance by the trustee and her present husband may, in this case, be looked upon as inoperative and void.

The trust was created for a purpose allowed by 1 *R. S.* § 55, *subd.* 3, as amended in 1830, and is valid unless (the whole estate being in the trustee and inalienable during the trust, if valid, (1 *R. S.* 729, § 60; *Id.* 730, §§ 63, 65,) the power of alienation would thereby be suspended for a longer period than is allowed by the statute, (1 *R. S.* 723, §§ 14, 15;) that is, " during the continuance of not more than two lives in being at the creation of the estate."

I think the trust in question, if valid, cannot render the trust estate inalienable but for one life, that is, the life of the devisee and trustee. The devise is to the testator's wife of all his lands, &c. to have and to hold to her, her heirs and assigns, &c. upon trust to receive and apply the rents, &c. It is not specially alleged in the complaint, that the *cestuis que trust* are the children of the testator by his wife, the devisee and trustee, and not by some former wife; but I assume that they are. Did not then the testator intend the trust to cease, and must it not cease on the death of the trustee? If the *cestuis que trust* survive the trustee, the whole estate being

inalienable during her life, on her death must vest in the *cestuis que trust* by descent, as her heirs at law, or under the will as a contingent future estate thereby limited or created; and as a person cannot be a trustee for himself, the trust must then cease, and the *cestuis que trust* have the free and absolute disposition of the entire estate. If one, or more, or all of the *cestuis que trust* should die before their mother, the trustee, the trust must cease in part, or in whole, upon his, her or their death.

If the trustee has or should have other children by her present or any future husband, who should survive her, they would take by descent from her, or by limitation under the will as her heirs, in common with her surviving children by the testator, and the surviving issue of such as may have deceased; but then the trust must wholly cease, on the death of the trustee, for the undivided estate, or interest so taken or held by the children of her present or future husband in common, would not be subject to the trusts of the devise in favor of the surviving children of the testator.

In fine, as the trust must wholly cease on the death of the survivor of the *cestuis que trust*, and as the *cestuis que trust* are not only the heirs of the testator, but if they survive the trustee, must be *her* heirs, the trust must cease on the death of the trustee, by the merger of the legal and beneficial estates or interests, whether her heirs take the trust estate by descent from her, or as a contingent remainder, or future estate, limited by the will on the life estate in effect, though not in form, given to her in trust, &c.

I think the devise in question should be looked upon as substantially and in effect a devise to the wife for life, in trust &c., remainder over to her right heirs; or as a devise to her right heirs, at and upon her decease, authorizing and directing her to receive the rents, issues, &c. during her life, and apply, or pay them, as specified in the devise. A devise in the latter form would imply a devise to her for life upon trust, &c, remainder over.

, The devise may be considered as substantially a devise to the heirs of the trustee, subject to the execution of the trust; or as a devise to the wife in trust &c., declaring to whom the lands shall belong on the failure or termination of the trust. (1 *R. S.* 729, § 61.)

It appears to me quite immaterial, whether the heirs of the trustee, on her death, take from her by descent, or as purchasers under the limitations or provisions of the will. In either case, the vesting of the estate in them, must displace or merge, and I think was intended to displace or merge all the beneficial estate or interest of the surviving *cestuis que trust.*

If it should be considered that the devise is in effect, as it is in form, a devise to the wife in fee simple, subject to the trust, and that the trust will not wholly cease, until *all* the *cestuis que trust* shall have deceased; even upon that construction, I am not prepared to say that the trust or devise is void. If, as the *cestuis que trust* successively die, one seventh of the trust estate is freed from the restraint on its alienation produced by the trust, will, or can, the alienation of any part or portion of it be restrained by the trust for more than one life? (*See Savage* v. *Burnham*, 17 *N. Y. Rep.* 562; *Mason* v. *Mason's Ex'rs*, 2 *Sandf. Ch.* 432.)

In any view of this devise, I am not satisfied that the trust is void; that there is any unlawful suspension of the power of alienation created by the trust or by any contingent future estate created or limited by the will, or that the children of the testator have any *vested* estate in the lands sought to be partitioned as his heirs at law or otherwise.

The construction of this part of the will is certainly difficult and doubtful; and I must say that I think the person who drew it, whether lawyer or not, exhibited great skill in creating doubts and difficulties even in using the most direct and apt words.

My conclusion is that the complaint should be dismissed.

[NEW YORK SPECIAL TERM, April 2, 1860. *Sutherland*, Justice.]